IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROMAN ANDERSON, Individually and on Behalf of All Others Similarly Situated, | CIV. NO. 20-00290 HG-WRP |
| Plaintiff, | |
| vs. | |
| SUBARU OF AMERICA, INC. and DENSO INTERNATIONAL AMERICA, INC., | |
| Defendants. | |

**ORDER GRANTING PLAINTIFF ROMAN ANDERSON'S MOTION TO TRANSFER (ECF No. 20)**

Plaintiff Roman Anderson has filed a putative class action on behalf of himself and others similarly situated to recover damages from allegedly defective fuel pumps used in certain Subaru vehicles.

Plaintiff moves to transfer venue to the United States District Court, Northern District of Alabama. Plaintiff seeks to consolidate the matter with a class action with similar claims filed in Alabama. The Motion is unopposed. For the reasons set forth below, Plaintiff's unopposed MOTION TO TRANSFER VENUE (ECF No. 20) is **GRANTED**.

**PROCEDURAL HISTORY**

On June 26, 2020, Plaintiff filed a putative class action

lawsuit on behalf of himself and all others similarly situated. (Compl., ECF No. 1).  Plaintiff named as Defendants Subaru of America, Inc., a New Jersey corporation; Subaru Corporation, a Japanese corporation; Denso International America, Inc., a Delaware corporation; and Denso Corporation, a Japanese corporation.  (Id. at ¶¶ 21-24).

On July 28, 2020, Plaintiff filed NOTICE OF DISMISSAL PLAINTIFF ROMAN ANDERSON'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE AS TO DEFENDANTS SUBARU CORPORATION AND DENSO CORPORATION.  (ECF Nos. 18, 19).  The foreign corporations had not been served and Plaintiff filed a voluntary dismissal.

Also on July 28, 2020, Plaintiff filed MOTION TO TRANSFER and REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF ROMAN ANDERSON'S MOTION TO TRANSFER.  (ECF Nos. 20, 21).

On July 30, 2020, the Court issued a minute order setting a briefing schedule, and directed Plaintiff to serve the order on the designated service representatives of the Defendants.  (ECF Nos. 22, 23).

On August 25, 2020, Denso International America, Inc. filed a NOTICE OF APPEARANCE and a STATEMENT OF NO OPPOSITION TO MOTION TO TRANSFER.  (ECF Nos. 29, 30).

On August 26, 2020, Subaru of America, Inc. filed a NOTICE OF APPEARANCE and a NOTICE OF CONSENT TO TRANSFER.  (ECF Nos. 31, 32).

The Court elects to decide the matter without a hearing

pursuant to District of Hawaii Local Rule 7.1(c).

## BACKGROUND

### I. Plaintiff Anderson's Request for Judicial Notice

The Court may consider matters that are the proper subject of judicial notice pursuant to Federal Rule of Evidence 201. Lee v. City of Los Angeles, 250 F.3d 668, 668-69 (9th Cir. 2001). Federal Rule of Evidence 201 allows a court to take judicial notice of public court documents. Agbannaoag v. Ocwen Loan Serv'g, LLC, Civ. No. 16-00394 HG-RLP, 2016 WL 6436620, *3 (D. Haw. Oct. 25, 2016).

Plaintiff Anderson requests the Court take judicial notice of the complaint in Griffin et al. v. Subaru of America, Inc. et al, Civ. No. 20-00563 ACA (N.D. Ala.) ("Griffin"), filed in the United States District Court, Northern District of Alabama. (ECF No. 21-1). Plaintiff Anderson also requests the Court take judicial notice of a motion in the Griffin case for the appointment of interim class counsel, seeking to add Timothy Blood as a class counsel. (ECF No. 21-2). Mr. Blood is one of Plaintiff's counsel in Anderson, the case before the Court here. The documents are public court documents. The Court grants Plaintiff's request for judicial notice.

### II. The Complaint Before the Court Here

Plaintiff Roman Anderson is a citizen of the State of

3

Hawaii. (Compl. ¶ 16, ECF No. 1). Defendant Subaru of America, Inc. is a New Jersey corporation, with its principal place of business in New Jersey. (Id. ¶ 21). Defendant Denso International America, Inc. is a Delaware corporation, with its principal place of business in Michigan. (Id. ¶ 23).

The Plaintiff in Anderson alleges that Denso International America, Inc. manufactured faulty fuel pumps. The fuel pumps are alleged to have been installed in various models of vehicles manufactured by Subaru America, Inc.

Anderson asserts claims against both Defendants on behalf of a proposed nationwide class action pursuant to the Hawaii consumer protection statute, Hawaii Unfair Deceptive Acts and Practices Law, Hawaii Revised Statute §§ 480-1, 481A, et seq. (Compl. at pp. 48-53, ECF No. 1). Anderson also asserts claims for breach of express and implied warranties against Defendant Subaru of America, Inc. pursuant to Hawaii Revised Statutes §§ 490:2-314, 490:2-313. (Compl. at pp. 53-60, ECF No. 1).

**III. The Alabama Proposed Class Action in Griffin, et al. v. Subaru of America, Inc., et al., Civ. No. 20-00563 ACA (N.D. Ala.)**

On April 23, 2020, the three plaintiffs in Griffin brought a proposed class action against the two defendants in the Anderson case, Subaru of America, Inc. and Denso International America, Inc. (Griffin v. Subaru of America, Inc., Compl. at pp. 12-13, attached as Ex. A to Pl.'s RJN, ECF No. 21-1). The Griffin

4

plaintiffs also named the two Japanese corporations, Subaru Corporation and Denso Corporation, as defendants.  (Id.)

The relief requested in the Alabama case is similar to the relief request by Plaintiff Anderson in the case before the Court here.  The Griffin plaintiffs also make claims relating to the allegedly defective fuel pumps manufactured by Denso for various Subaru vehicles.  (Id. at pp. 3-7).  The Griffin plaintiffs assert claims pursuant to the Alabama Deceptive Trade Practices Act, Alabama Code §§ 8-19-1, et seq.  They also assert Alabama state-law claims of strict product liability: design defect; breaches of implied and express warranty; negligent recall; fraudulent omission; and unjust enrichment.  (Griffin Compl. at pp. 74-86, ECF No. 21-1).  The Griffin plaintiffs also assert a federal claim for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 et seq.  (Griffin Compl. at pp. 86-89, ECF No. 21-1).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1391(b), a civil action where jurisdiction is founded on diversity of citizenship may, except as otherwise provided by law, be brought: (1) in the district where defendant resides; (2) the district in which the claim arose; or (3) the district where defendant is subject to personal jurisdiction.

28 U.S.C. § 1404(a) provides "[f]or the convenience of

parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

## **ANALYSIS**

District courts engage in a two-step analysis in evaluating a motion to transfer pursuant to 28 U.S.C. § 1404(a).

<u>First</u>, a court must consider whether the case could have originally been brought in the forum where the moving party seeks to transfer the case. <u>Park v. Dole Fresh Vegetables, Inc.</u>, 964 F.Supp.2d 1088, 1093 (N.D. Cal. 2013).

It is undisputed that Plaintiff could have originally brought the case in the District Court for the Northern District of Alabama.

<u>Second</u>, when the case could have been brought in the forum where the moving party seeks to transfer the case, a district court then considers a number of factors in evaluating if transfer should be granted pursuant to 28 U.S.C. § 1404(a).

The Court evaluates:

(A)  feasibility of consolidation;

(B)  convenience of the witnesses;

(C)  convenience of the parties;

(D)  relative ease of access to evidence;

(E)  plaintiff's choice of forum;

    (F)   local interest in the controversy;

    (G)   relative congestion of the courts; and,

    (H)   each forum's familiarity with the applicable law.

<u>Hawkins v. Gerber Products Co.</u>, 924 F.Supp.2d 1208, 1213 (S.D. Cal. 2013).

The list is not exhaustive. The Court exercises its discretion based upon an individualized case-by-case consideration of convenience and fairness. <u>Park</u>, 964 F.Supp.2d at 1093. The Court must consider the totality of the circumstances. <u>Id.</u>

## I. The Transfer Factors

### A. Feasability of Consolidation

The feasability of consolidation of the two cases is a significant factor in the transfer analysis. <u>A.J. Indus., Inc. v. U.S. Dist. Ct. for Central Dist. Of Cal.</u>, 503 F.2d 384, 389 (9th Cir. 1974).

The two complaints contain similar factual allegations relating to the purportedly defective fuel pumps. Subaru America, Inc. and Denso International America, Inc. are named as Defendants in both <u>Anderson</u> and <u>Griffin</u>. Both cases propose nationwide classes. There is a possibility that the <u>Anderson</u> complaint could be consolidated with the first-filed <u>Griffin</u> case if <u>Anderson</u> is transferred to the Northern District of Alabama.

Consolidation of the two matters could promote judicial

economy, eliminate disparate rulings, and inconsistent judgments.

The possibility of consolidation is significant in the Court's transfer analysis.

### B.   Convenience of Witnesses

Anderson and Griffin are in the initial stages of litigation.  The Parties have not identified who will be called as witnesses.  Both matters appear to involve the same products.

Each corporation may choose to call the same corporate representative for both the Anderson case and the Griffin case.  It is more convenient for the witnesses to travel to only one venue.

### C.   Convenience of the Parties

The Parties in Anderson agreed to transfer the matter from Hawaii to the Northern District of Alabama.  Defendants Subaru of America, Inc. and Denso International America, Co. are also Defendants in the Alabama case.  Attorney Blood is one of Plaintiff's attorneys in Anderson.  Attorney Blood is also one of the attorneys for the plaintiffs in Griffin.

A transfer to the Northern District of Alabama may eliminate duplicative filings, allow for consolidation of discovery efforts, and prevent inconsistent orders and judgments.

Even if Anderson and Griffin are not consolidated, it would be more convenient for the Parties to coordinate pre-trial

8

motions, discovery, and other case management issues in the same venue.

### D. Ease of Access to Evidence

The headquarters of Subaru of America, Inc. and Denso International America, Inc. are in New Jersey and Michigan. It is likely that some records and corporate witnesses are located at their headquarters. Neither headquarter is in Hawaii or Alabama. The ease of access to evidence is similar in each venue and therefore does not weigh against transfer.

### E. Plaintiff's Choice of Forum

Plaintiff's forum is typically afforded deference. Here, Plaintiff's is moving to change the forum to the Northern District of Alabama. This factor favors transfer.

### F. Local Interest in the Anderson Controversy

The Anderson complaint asserts claims on behalf of a nationwide class regarding an alleged defective product distributed across America. There is no more local interest in Hawaii than in Alabama.

### G. Congestion of the District Courts in Alabama and Hawaii

It does not appear that either the Northern District of Alabama or the District of Hawaii are congested courts.

9

### H. Alabama's Familiarity with Hawaii State Law

One factor weighs against transfer. The <u>Anderson</u> Plaintiff alleges substantive Hawaii state law claims, which the District of Alabama could be required to apply. The Northern District of Alabama would be less familiar with Hawaii state law than the District of Hawaii.

## II. Evaluating the Transfer Factors in Totality

The feasibility of consolidation, the convenience of the witnesses, and the convenience of the <u>Anderson</u> parties weigh in favor of transfer. Transfer would promote judicial efficiency, reduce litigation costs, and reduce duplicate, parallel efforts by the courts and the Parties. See <u>BBP v. Brasseler U.S.A. Dental, LLC</u>, Civ. No. 17-00010 CEJ, 2017 WL 1132555, *1 (E.D. Mo. Mar. 27, 2017); <u>Gill v. AMAG Pharm. Inc.</u>, Civ. No. 19-2681-DDC-KGG, 2020 WL 1330693, *2 (D. Kan. Mar. 23, 2020). These factors outweigh the inconvenience of an Alabama forum presiding over matters relating to Hawaii state law. See <u>LaGattuta v. ADT Sec. Servs. Inc.</u>, Civ. No. 07-3232, 2007 WL 4350710, *2 (N.D. Ohio Dec. 10, 2007).

### **CONCLUSION**

Plaintiff's unopposed MOTION TO TRANSFER (ECF No. 20) to the

United States District Court, Northern District of Alabama is **GRANTED**. All pending deadlines are hereby vacated and to be re-set by the District Court in the Northern District of Alabama. The Clerk of Court is **DIRECTED** to **TRANSFER** the case and all files here to the United States District Court for the Northern District of Alabama.

IT IS SO ORDERED.

Dated: October 8, 2020, Honolulu, Hawaii.

Helen Gillmor
Senior United States District Judge